OPINION OF THE COURT
Arthur S. Hirsch, J.
This is a motion to reargue and renew a decision of this court dated December 8, 1981 granting plaintiff summary judgment. New counsel retained by defendant has suggested that the court has overlooked the application of section 223-a of the Public Housing Law as a valid defense to the action.
The court grants the motion to reargue and renew solely on the issue of whether section 223-a of the Public Housing Law may be applied to a limited profit housing company.
Section 223-a of the Public Housing Law prohibits the eviction of a severely physically handicapped person living in a public project on the sole ground that the handicapped person has a dog or cat residing in the apartment.
The housing in which the defendant resides is a State-sponsored Mitchell-Lama co-operative, referred to in the Private Housing Finance Law as a limited profit housing company. Defendant suggests that there is an overlapping in the public and private housing laws, evidenced by a similarity of purpose. The State’s subsidizing of article 2 of the Private Housing Finance Law housing was enacted to encourage investment in and, thereby, to provide decent dwellings for low income persons. Section 210 of the Public Housing Law permits a municipality to make loans to *460 owners of existing multiple dwellings for improvement purposes. The municipality would have regulatory powers concerning the ratio between income and rent of this low-cost housing. The rent income ratio in limited profit housing companies set up by the Private Housing Finance Law is regulated by the statute. Thus, defendant argues, both laws have similar, if not the same, design and purpose, i.e., to enable low income families to reside in healthy, decent housing, affording them the possibility of an expansion of social and economic opportunity. Therefore, defendant theorizes, the provision in section 223-a of the Public Housing Law bars the granting of summary judgment in favor of plaintiff.
Defendant’s theory is unsound. It is true that the Public Housing Law is the framework under which agencies or instrumentalities of the State regulate public housing for persons of low income, to provide them decent low cost housing. “Authorities” were created under article 3 of the law, whose power includes leasing, managing and operating the public housing “projects.” The Private Housing Finance Law has as its goal the accomplishment of commendable public purpose, the rehabilitation of slum areas into healthy, sanitary, balanced communities for low income and some middle income families. In this, the purpose of both the Public Housing Law and Private Housing Finance Law coincide, but in other ways, they are vastly different. A public housing project is developed by public moneys, channeled through State agencies. The Private Housing Finance Law by contrast, provides for investment by private enterprise in companies regulated by statute as to rents, profits, leasing, managing, etc., assisted by the State and municipalities in the form of tax abatement, not subsidies. A private, limited profit housing project, such as a Mitchell-Lama co-operative, while having a worthwhile public purpose, as set forth and embodied in the Private Housing Finance Law, is effectuated, not with taxpayer’s money, but by the “coordination of Federal, State, local and private resources and efforts” (Private Housing Finance Law, § 11-a, subd 5; emphasis added).
Defendant erroneously believes that the public purpose of the Private Housing Finance Law is the link enabling an *461 application of the Public Housing Law. “Public purpose” is not synonymous with “public projects” (see Dorsey v Stuyvesant Town Corp., 190 Misc 187, 193, affd 274 App Div 992, affd in part 299 NY 512, cert den 339 US 981). The management and operation of the plaintiff’s project is in the hands of the private sector and, thus, the Public Housing Law does not govern.
While the court is sympathetic to the problems of defendant as presented in her papers, it cannot impose its personal feelings above the law. Had the Legislature wished to afford the same protection regarding dog ownership to residents of limited profit housing as it does to residents of public projects, it would have done so. A section following the section 223-a purpose could easily have been included in article 13 of the Private Housing Finance Law, a catch-all of the statute, which includes a provision protecting the civil rights of occupants of housing established under the Private Housing Finance Law (see § 602). The Legislature did not do so, and we must presume it is because it did not intend to so regulate private housing companies.
The constitutional sanctity of the contractual arrangements between the parties, which denied the defendant the right to replace her deceased dog, is another meritorious argument espoused by plaintiff, but in light of the above determination, the court does not deem it necessary to go into other additional defenses to this motion.
Accordingly, after consideration of all issues, the court adheres to its original decision. The question as to the reasonable attorney’s fees to be paid by defendant to plaintiff remains open. A stipulation agreement between the parties on this item would be approved by the court. In the event that no agreement can be reached, the attorneys for the respective parties are to contact the court to schedule a hearing on the fee.